**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

REGINALD BERNARD ESSIX, a/k/a
Reginald D. Williams, a/k/a Robbin
Daniele Pooler,
Defendant-Appellant.

No. 98-4890

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Chief District Judge.
(CR-97-145)

Submitted: September 14, 1999

Decided: October 12, 1999

Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Alfred W. Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reginald Bernard Essix, having pled guilty to possession of a fire-
arm by a convicted felon, challenges two aspects of his sentence. We
affirm.

On May 31, 1996, Deputy Brian Lee encountered Essix while
patrolling an area of Darlington County, South Carolina, where drug
trafficking had occurred. Essix was alone in a car with paper license
tags. Lee approached the vehicle and observed a firearm on the floor.
He asked Essix to exit the car. Essix did so, but immediately ran
away. After he was apprehended, the police searched his car and
found 4.69 grams of crack cocaine.

Essix pled guilty to being a felon in possession of a firearm, in vio-
lation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999). The district
court sentenced him to a term of one hundred months, to be served
consecutively to a sentence for an unrelated offense in Georgia.

Essix contends that the trial court erred in two respects in imposing
sentence. First, he asserts that the court abused its discretion by fail-
ing to give reasons for imposing his sentence to run consecutively to
his Georgia sentence. This claim was not raised below, so we review
it for plain error. See United States v. Grubb , 11 F.3d 426, 440-41
(4th Cir. 1993). Upon our examination of the record, we find no error,
plain or otherwise. At sentencing, the Government argued that Essix's
Georgia and South Carolina sentences should run consecutively
because they arose from distinct conduct, and the court's adoption of
this reasoning is apparent. Thus, even if the district court was required
to explain its decision to impose a consecutive sentence, we find that
record leaves no uncertainty as to the basis for the lower court's judg-
ment.

2

Second, Essix contends that an enhancement based on the cocaine found in his car was improper because there was insufficient evidence that he knowingly possessed these drugs. We disagree. Essix was alone in a car in an area in which drug-related activity had occurred, and he fled from the police as soon as they confronted him. Accordingly, the court's finding that Essix was aware of the drugs in his car was not clearly erroneous. See United States v. Turner, 102 F.3d 1350, 1357 (4th Cir. 1996) (noting that clear error standard applies to review of sentencing court's factual findings); see also United States v. Rusher, 966 F.2d 868, 878-79 (4th Cir. 1992) (upholding conviction for possession of drugs with intent to distribute when defendant and two others were riding in truck together and defendant began cursing police as soon as they started searching area where drugs were found).

For the reasons stated above, we affirm the sentence imposed by the district court upon Essix's guilty plea. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3